UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

CHRISTOPHER BRYANT,            )
                               )
        PLAINTIFF     )
                               )
v.                             )    CIVIL NO. 10-171-B-H
                               )
NICHOLAS TAUBMAN,              )
                               )
        DEFENDANT     )

### DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT I OF THE COMPLAINT

The defendant's motion to dismiss Count 1, a fraud claim, is **DENIED**.[1] Def.'s Mot. to Dismiss Count 1 (Docket Item 10). At common law, a promise to do something in the future could not be the premise for a fraud claim. But Maine's Law Court has modified that principle, J. Simmons, D. Zillman & D. Gregory, Maine Tort Law § 11.04, at 11-8 to 11-9 (2004), particularly in the employment context, holding that an employer who offers employment while not intending to fulfill the promise, can be held liable for fraud. Boivin v. Jones & Vining, Inc., 578 A.2d 187, 188-89 (Me. 1990); Wildes v. Pens Unlimited Co., 389 A.2d 837, 840 (Me. 1978); accord Veilleux v. Nat'l Broad. Co., 206 F.3d 92, 119-20 (1st Cir. 2000). This case is closely analogous. According to the First Amended Complaint, the defendant promised the plaintiff a 10% commission

---

[1] The motion was filed before the First Amended Complaint was filed, but the parties notified the Clerk's Office that I should treat it as applying to the Amended Complaint.

on the purchase of a rare revolutionary war map in exchange for the plaintiff providing unique knowledge about the map and its value. First Am. Compl. (Docket Item 19). The plaintiff provided the information and the defendant refused to pay.[2] Whether I apply Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), or Conley v. Gibson, 355 U.S. 41 (1957), the conclusion is the same. Of course, whether the plaintiff can prove that the defendant never intended to pay remains to be seen, as well as whether he can prove the remaining elements of the cause of action for fraud.

**SO ORDERED.**

**DATED THIS 27TH DAY OF JULY, 2010**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The factors the Maine employment cases enunciate also apply here: the plaintiff had no opportunity to investigate the truthfulness of the defendant in making the promise, and nothing in the Amended Complaint suggests that reliance was unjustified. Bovin, 578 A.2d at 188-89 (citing Shine v Dodge, 157 A. 318 (1931)); Wildes, 389 A.2d at 840 (same). The relationship of the parties is like that of employer/employee, albeit in this case the plaintiff sought out the defendant.